O

# United States District Court
# Central District of California

CYRUS RAPHAEL; individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,

Plaintiff,

v.

TESORO REFINING AND MARKETING CO. LLC; and DOES 1–100, inclusive,

Defendants.

Case No. 2:15-cv-02862-ODW(Ex)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [11]**

## I. INTRODUCTION

Plaintiff Cyrus Raphael ("Raphael") has brought suit against his former employer, Tesoro Refining and Marketing Co., LLC ("Tesoro"), on behalf of himself and other aggrieved employees of Tesoro for violations of several provisions of the California Labor Code ("CLC"). Tesoro now moves to dismiss Raphael's claims for insufficient pleading of facts in his complaint. For the reasons discussed below, the Court **GRANTS** Tesoro's Motion to Dismiss with leave to amend.[1] (ECF No. 11.)

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Raphael was an employee of Tesoro working in the County of Los Angeles, California from approximately April 2007 until March 2014. (ECF No. 1, Ex. A Compl. ¶ 13.) During this time period, Raphael alleges that Tesoro engaged in "a uniform policy and systematic scheme of wage abuse" against him and the other aggrieved employees. (*Id.* ¶ 20.) Raphael further alleges that Tesoro violated various CLC provisions in the following ways: (1) failure to pay for overtime hours worked; (2) failure to provide uninterrupted meal and rest periods; (3) failure to pay at least minimum wage for all hours worked; (4) failure to pay all wages owed upon discharge or resignation; (5) failure to pay within a period of time statutorily permissible; (6) failure to provide complete and accurate wage statements; (7) failure to keep complete and accurate payroll records; (8) failure to reimburse for necessary business-related expenses; and (9) failure to properly compensate employees.[2] (*Id.* ¶¶ 32–40.)

Shortly after Raphael filed his complaint with the Los Angeles County Superior Court, Tesoro removed the suit to federal court pursuant to 28 U.S.C. § 1331. (ECF No. 1, Notice of Removal 1.) Tesoro claimed that federal question jurisdiction existed due to the necessary analysis of eight different collective bargaining agreements ("CBAs"), which preempts any state law claim in the current suit. (*Id.* at 2–8; ECF No. 17, 16.) Tesoro subsequently moved to dismiss Raphael's claim for lack of sufficient pleading. (ECF No. 11.) A timely opposition and reply were filed. (ECF Nos. 16, 20.) Raphael moved to remand the case, but was unsuccessful (*see* ECF No. 23); now Tesoro's Motion to Dismiss is before the Court for consideration.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To

---

[2] Raphael has alleged violations of CLC §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802.

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 484 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Tesoro claims that the allegations and facts put forth by Raphael in his complaint amount to no more than legal conclusions and mirroring the language of the statutory provisions in question. (Mot. 3–10.) No more than a quick review of the Complaint demonstrates that Tesoro's position is correct; Raphael's complaint fails to offer more than "labels[,] conclusions, and a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 686.

While Raphael asserts that *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), is inapplicable due to its analysis of the Fair Labor Standards Act ("FLSA"), rather than the California Labor Code ("CLC"), the Court finds *Landers*' holding persuasive.[3] (Opp'n 9–10.) In *Landers*, the plaintiff had claimed that the defendant had failed to compensate him for all overtime hours worked, which violated the FLSA. *Landers*, 771 F.3d at 645–46. In the plaintiff's complaint, he alleged that he was entitled to overtime pay and "the defendants willfully failed to make said overtime and/or/ minimum wage payments." *Id.* at 646. The Ninth Circuit considered the holdings of several cases from other Circuits around the country and held that the plaintiff's pleadings were insufficient to survive a motion to dismiss. *Id.* at 644–45. In reaching this holding, the court held "conclusory allegations that merely recite the statutory language are [not] adequate," and that in order to survive a motion to dismiss the complaint must assert facts about specific periods of time where overtime/regular pay was withheld. *Id.* Furthermore, the plaintiff "failed to provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Id.* at 646 (citation omitted).

The court in *Landers* recognized that "detailed factual allegations" are not required to survive a motion to dismiss, but nevertheless there needed to be something more than what the plaintiff offered up in his conclusory language. *Id.* at 644. To illustrate that idea, the court in *Landers* held "at a *minimum* the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid [overtime or regular wages]." *Id.* at 646 (emphasis added). Indeed, this line of reasoning has been echoed in several district court decisions dealing with CLC claims. E.g., *Miranda v. Coach, Inc.*, No. 14-CV-02031-JD, 2015 WL 636373, *2 (N.D. Cal. Feb 13, 2015) (holding allegations that "merely parrot the statute without stating facts" were insufficient to uphold plaintiff's claim under CLC section 510); *Wert v.*

---

[3] While *Landers* does indeed deal with a different statute, the language of that statute's overtime provision is nearly identical to that of the relevant CLC statute that Raphael alleges. For this reason the Court finds that there is no reason to ignore the analysis utilized by the Ninth Circuit in *Landers*.

*U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 2860287, *5 (S.D. Cal. June 23, 2014) (holding that allegations stating "Defendants . . . did not provide plaintiff with meal breaks" in accordance with CLC section 512 "fail[ed] to adequately allege facts" sufficient to survive a motion to dismiss).

Looking to Raphael's Complaint, it is readily ascertainable that the language of the allegations falls well within the scope of what *Landers* and other cases have shown to be insufficient. (Compl. ¶¶ 12–40, 53–60.) Raphael includes no relevant facts or dates during which these alleged violations occurred, instead he claims that "at all relevant times" Tesoro failed to comply with a laundry list of regulations. (*Id.*) Furthermore, the language of the Complaint reads almost identically to those found to be unacceptable in *Miranda* and *Wert*, focusing solely on issuing blanket statements such as "[Tesoro] failed to pay overtime wages to [Raphael] and the other aggrieved employees. Plaintiff . . . [was] required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation" and "[Tesoro] failed to provide uninterrupted meal and rest periods to [Raphael]."[4] (*Id.* ¶¶ 33–34.) Each of Raphael's other allegations read the same way, barren of facts describing specific periods of time where pay was denied or specific practices engaged in by Tesoro and instead only offers conclusory language, and for that reason each is insufficient to withstand Tesoro's Motion. *See*, e.g., *Iqbal*, 556 U.S., at 679 (holding that pleadings supported solely by legal conclusions "are not entitled to the assumption of truth," and "do not permit the court to infer more than the mere possibility of misconduct."); *Twombly*, 550 U.S., at 564 (holding that a pleading

[4] The allegation in *Miranda* which was deemed insufficient was "Plaintiffs and others were forced to work on a regular and consistent basis without receiving compensation for all hours worked at their regular rate or if more than eight (8) hours a day and/or forty (40) hours per week, at the applicable overtime rate. Defendants had a consistent policy of failing to pay Plaintiffs and members of the Proposed Class regular rate and/or premium pay for these hours worked." *Miranda*, 2015 WL 636373, at *2. The allegation in *Wert* that was similarly deemed insufficient was "Defendants oftentimes did not provide Plaintiff with meal breaks during the work day," and "Defendants often failed to provide first and sometimes second meal periods to Plaintiffs and Defendants' other California employees." *Wert*, 2014 WL 2860287 at *5

containing "merely legal conclusions" which was merely "a naked assertion . . . [devoid of] further factual enhancement" was insufficient).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Tesoro's Motion to Dismiss with leave to amend. (ECF No. 11.) Raphael shall file an amended complaint by July 22, 2015.

**IT IS SO ORDERED.**

July 8, 2015

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**