O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CYRUS RAPHAEL; individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>                Plaintiff,<br><br>   v.<br><br>TESORO REFINING AND MARKETING CO. LLC; and DOES 1–50,<br><br>                Defendants. | Case No. 2:15-cv-02862-ODW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [29]** |

## I.  INTRODUCTION

Plaintiff Cyrus Raphael ("Raphael") has brought suit against his former employer, Tesoro Refining and Marketing Co., LLC ("Tesoro"), on behalf of himself and other aggrieved employees of Tesoro under the California Private Attorneys General Act ("PAGA") for violations of several provisions of the California Labor Code ("CLC").  Tesoro now moves for judgment on the pleadings to dismiss Raphael's claims.  For the reasons discussed below, the court **GRANTS** Tesoro's Motion for Judgment on the Pleadings.[1]  (ECF No. 29.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Raphael was an employee of Tesoro working in the County of Los Angeles, California from approximately April 2007 until March 2014. (ECF No. 25, First Amended Compl. ["FAC"] ¶ 13.) During this time period, Raphael alleges that Tesoro engaged in "a uniform policy and systematic scheme of wage abuse" against him and the other aggrieved employees. (*Id.* ¶ 20.) Raphael further alleges that Tesoro violated various CLC provisions in the following ways: (1) failure to pay for overtime hours worked; (2) failure to provide uninterrupted meal and rest periods; (3) failure to pay at least minimum wage for all hours works; (4) failure to pay all wages owed upon discharge or resignation; (5) failure to pay within a period of time statutorily permissible; (6) failure to provide complete and accurate wage statements; (7) failure to keep complete and accurate payroll records; (8) failure to reimburse for necessary business-related expenses; and (9) failure to property compensate employees.[2] (*Id.* ¶¶ 30-42.)

Shortly after Raphael filed his complaint with the Los Angeles County Superior Court, Tesoro removed the suit to federal court pursuant to 28 U.S.C. § 1331. (ECF No. 1, Notice of Removal 1.) Raphael moved to remand the case but was unsuccessful. (*See* ECF No. 23.) Tesoro subsequently challenged Plaintiff's original Complaint and this Court dismissed with leave to amend. (ECF Nos. 11, 24.) Plaintiff filed his First Amended Complaint and Tesoro filed its amended Answer. (ECF Nos. 25, 26) Tesoro now moves for judgment on the pleadings. Raphael timely opposed (ECF No. 34) and Tesoro failed to reply. Tesoro's Motion is now before the Court for consideration. (ECF No. 29.)

## III. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Like a

---

[2] Raphael has alleged violations of CLC §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802.

motion under Rule 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Ross v. U.S. Bank Nat'l Assn.*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008). A motion to dismiss under either Rule 12(b)(6) or (c) is proper where the plaintiff fails to allege either a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Where a claim fails as a matter of law, a Rule 12(c) motion "may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." *Miller v. Indiana Hosp.*, 562 F. Supp. 1259, 1268 (W.D. Pa. 1983), reversed on other grounds, 843 F.2d 1139 (3rd Cir. 1988); *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

## IV. DISCUSSION

### A. Class Certification of PAGA Claim

Tesoro argues the PAGA action must be dismissed because Raphael has failed to allege and establish that class certification is appropriate within the ninety days required by Local Rule 23-3. (Mot. 5.) Alternatively, Raphael argues that PAGA actions do not have to meet class action requirements. (Opp. 3.)

The Ninth Circuit has yet to decide whether plaintiffs bringing a PAGA claim in federal court must satisfy the requirements of Rule 23, and the district courts in California are split on the issue. *Ortiz v. CVS Caremark Corp.*, No. C-12-05859, 2014 WL 1117614 (N.D. Cal. March, 18, 2014). However, there have been numerous rulings in this district holding that PAGA claims must comply with Rule 23 guidelines and failure to move for class certification will result in dismissal. Most recently, in April 2015 this very Court granted a motion to strike PAGA claims for failure to move for class certification of PAGA claims within the ninety-day deadline under Rule 23. *Bowers v. First Student*, No. 2:14-CV-8866-ODW, 2015 WL 1862914 (C.D.

Cal. April 23, 2015). Additionally, the court in *Fields v. QSP, Inc.* granted judgment on the pleadings for the same reason. No. CV 12-1238-CAS 2012, WL 2049528 at *5 (C.D. Cal. June 4, 2012). Finally, the court in *Adams v. Luxottica U.S. Holdings Corp.* stated, "[h]aving failed to comply with certification requirements of Rule 23, plaintiffs lack standing to represent the rights and interests of third parties. Although PAGA authorizes representative actions, California state law cannot alter federal procedural and jurisdictional requirements." No. SA-CV-07-1465 AHS, 2009 WL 7401970 at*2 (C.D. Cal. July 24, 2009). The Court is inclined to follow its prior rulings and similar rulings in this district, and therefore, holds that Raphael lacks standing to represent the rights and interests of the aggrieved employees in the instant case.

**B.     Highly Individualized Assessments Make The PAGA Claim Unmanageable**

Even if Rule 23 did not apply to PAGA representative claims, such claims can be stricken if they are found to be "unmanageable." *See Litty v. Merrill Lynch & Co.,* No. CV-14-0425-PA, WL 5904904 at *3 (C.D. Cal. Nov. 10, 2014). The plaintiff in *Ortiz* brought similar claims as Raphael here. In *Ortiz*, the plaintiff sought damages against her former employer for unpaid off-the-clock work, failure to pay at least minimum wage for all hours worked, failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to pay terminated employees and failure to furnish accurate wage statements. *Ortiz,* 2014 WL 1117614 at *1. The court dismissed the PAGA claim because a multitude of individualized assessments would be necessary, making the PAGA claim unmanageable. *Id*. at *4. The court noted that in order to prove an off-the-clock claim, a plaintiff must demonstrate that she actually worked off the clock, that she was not compensated for it, and that the employer was aware or should have been aware that she was performing off the clock work. *Id.* (citing *York v. Starbucks Corp.,* No. 13-CV-05669-WHO, 2011 U.S. Dist. LEXIS 155682, at *85–86 (C.D. Cal. Nov. 23, 2011).) The court then held that to prove their off-the-clock claim, "Plaintiffs would have to present evidence about each [individual]

4

. . . Proof of this claim would be unmanageable, and could not be done with statistical or survey evidence but only with detailed inquiries about each employee claimed to have done so and her manager's knowledge thereof." *Id.*

Similarly here, Raphael's claims are on behalf of himself and thousands of other current or past employees. Tesoro provided a non-exhaustive list of twenty-six relevant inquiries and requirements the court finds essential to assess in order to determine the appropriate penalties. (Opp'n 9–11.) The Court would have to engage in a multitude of individualized inquires making the PAGA action unmanageable and inappropriate.

Additionally in *Ortiz*, the court held the plaintiffs' unreimbursed mileage claim would require individualized inquiries about whether the claimed expenses were necessary and incurred in direct consequence of the discharge of the employee's duties, whether the employee actually sought reimbursement from defendants for the expenses and whether defendants reimbursed the employee for the expense. *Ortiz,* 2014 WL 1117614 at *4. Here, Raphael seeks reimbursement for "tools, mileage, and the use of their personal cell phone to carry out their job duties." (FAC ¶ 64.) Similar to *Ortiz*, gathering inquires for each of these expenses from Raphael and all aggrieved employees would be nothing short of unmanageable.

### C. Insufficient Facts and Theories Alleged

#### 1. Within the LWDA Letter

Under PAGA, an individual seeking civil penalties must first exhaust his or her administrative remedies by "giv[ing] written notice by certified mail to the [Labor and Workforce Development Agency] and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code §§ 2699.3(a)(1) and 2699.3(b)(1). The statute explicitly provides that one must complete this exhaustion prior to filing suit. *See* Cal. Lab. Code § 2699.3(a) ("A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 . . . shall commence only after the following

requirements have been met . . ."). "[C]ompliance with the prefiling notice and exhaustion requirements of [PAGA] is mandatory." *Caliber Bodyworks, Inc. v. Super. Ct.,* 134 Cal. App. 4th 365, 384 (2005). Failure to comply with these statutory prerequisites is fatal to a PAGA cause of action. *Id.* at 381–82.

Pursuant to California Labor Code § 2699.3(a)(1), the aggrieved employee must give written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and the employer "of the specific provisions of [the California Labor Code] to have been violated, ***including the facts and theories to support the alleged violation***." Cal. Lab. Code Sec. 2699.3(a)(1) (emphasis added). To constitute adequate notice under Section 2699.3(a), the notice must allege at least some "facts and theories" specific to the plaintiff's principal claims; ***merely listing the statutes allegedly violated or reciting the statutory requirements is insufficient.*** *Amey v. Cinemark USA Inc.,* No. 13-CV-05669-WHO, 2015 WL 2251504, *1 (N.D. Cal. May 13, 2015) (emphasis added). The employee in *Amey* submitted a notice that stated:

> California Labor Code section 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. CINEMARK did not provide Ms. Brown and other aggrieved employees with properly itemized wage statements. The wage statements they received from CINEMARK were in violation of [Section 226(a)]. The violations include . . . failing to state the total hours they worked as a result of working off-the-clock and not recording or paying for those hours.

*Id.* at *14. The court dismissed the PAGA claims with prejudice and concluded that "[p]arroting the statute that was violated is insufficient to provide notice under Section 2699.3." *Id.* at *13.

Raphael's letter submitted to the LWDA on January 22, 2015 is almost identical in structure to that of *Amey*. Two sections of the letter are as follows:

> California Labor Code sections 226.9 and 512 require employers to pay

> an employee an additional hour of pay at the employee's regular rate for each meal or rest period that is not provided. During the relevant time period, Tesoro required [Plaintiff] and other aggrieved employees to work during meal and rest periods and failed to compensate them properly for missed meal and rest periods.
>
> California Labor Code section 226 requires employers to make, keep and provide complete and accurate itemized wage statements to their employees. During the relevant time period, Tesoro did not provide [Plaintiff] and other aggrieved employees with complete and accurate itemized wage statements. The wage statements they received from Tesoro were in violation of California Labor Code section 226(a). The violations include, but are not limited to, the failure to include total hours worked by [Plaintiff] and other aggrieved employees.

(ECF No. 30, Req., Ex. A.[3]) The exceedingly detailed level of specificity for Section 2699.3(a)(1) is not satisfied here. Instead, Raphael mimicked the statute violated, and therefore, the claims will be dismissed.

2. <u>Within the Amended Complaint</u>

Lastly, the Court revisits its Order Granting Tesoro's Motion to Dismiss. (ECF No. 24, Order.) Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a)(2) and survive dismissal under Rule 12(b)(6) or (c), a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] Although exhibits outside the complaint are generally not considered at the motion to dismiss stage, the Ninth Circuit has established that documents referred to in a complaint may be considered for the purposes of evaluating such a motion. *Branch v. Tunnell*, 14 F.3d, 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara,* 307 F.3d, 1119 (9th Cir. 2002). In this case, the Complaint relies upon the text of the letter submitted to the LWDA and Raphael does not contest the authenticity of the letter. Therefore, the Court may appropriately consider the letter for purposes of this motion.

1       In its Order, the Court noted the amendments which needed to be made within Raphael's Amended Complaint in order to comply with the Federal Rules. Specifically, the court noted Raphael "include[d] no relevant facts or dates during which these alleged violations occurred, instead he claim[ed] that 'at all relevant times' Tesoro failed to comply with a laundry list of regulations" and issued blanket statements and conclusory language for the majority of his claims.  (Order 5.) Moreover, the Court clearly states that "at a *minimum* the plaintiff must allege at least one work week when he worked in excess of forty hours and was not paid [overtime or regular wages]."  (Order 4.)

      Raphael seems to have ignored the Court's instruction.  The only dates Raphael included in his FAC read "from approximately April 2007 to approximately March 2014."  (FAC ¶ 13.)  Moreover, Raphael failed to allege one single work week when he worked in excess of forty hours and was not paid.  Instead, he continued to use the blanket statement "relevant time period."  (*See generally* FAC.)  Because Raphael failed to amend his complaint in accordance with the Court's requests, Tesoro's motion for judgment on the pleadings is granted without leave to amend.. *See Cano v. Glover*, 143 Cal. App. 4th 326, 330 (2006) (where the court dismissed the action with prejudice after plaintiff failed to amend the allegations of his complaint to satisfy the court and was given several opportunities to do so.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Tesoro's Motion for Judgment on the Pleadings with prejudice.  (ECF No. 29.)  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

September 25, 2015

_____
            **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**